IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORGE GRANADOS,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>ANDERSEN, et al.,<br><br>　　　　Defendants. | No. C 15-04628 HRL (PR)<br><br>**ORDER OF PARTIAL DISMISSAL AND OF SERVICE** |

　　　　Plaintiff, a state prisoner at Pelican Bay State Prison ("PBSP"), filed the instant pro se civil rights action pursuant to 42 U.S.C. § 1983, against PBSP officials. Plaintiff's motion for leave to proceed in forma pauperis, (Docket No. 2), shall be granted in a separate order.

## DISCUSSION

### A.　Standard of Review

　　　　A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state

Order of Partial Dismissal and of Service
P:\PRO-SE\HRL\CR.15\04628Granados_part.svc.wpd

a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

**B.     Plaintiff's Claims**

Plaintiff claims that on January 18, 2014, Defendant Andersen wrongfully opened Plaintiff's mail outside of his presence and confiscated a set of books titled, "Black & Grey Tattoo 1-3: From Street Art to Fine Art," worth several hundreds of dollars, which Plaintiff ordered through Amazon, an online vendor. (Compl. Attach. at 6.) The purported reason for the confiscation was that the books were on the Centralized List of Disapproved Publications, revised January 2014. (Id.) Plaintiff was given the option of either mailing the books to family, donating them, or destroying them. (Id.) When Plaintiff stated that he wanted to return the books to the vendor for a refund pursuant to the vendor's return policy, Defendant Andersen told him that was not an option. (Id. at 7.) Thereafter, Plaintiff filed inmate requests for interview, appeals, and grievances pursuing an adequate remedy for the loss of his property, but without success due to the actions of Defendants. (Id. at 7-19.)

Plaintiff claims that Defendants Ducart and Captain Parry violated his right to be free from cruel and unusual punishment guaranteed by the Eighth Amendment "by their failure to adequately supervise and train their subordinates." (Compl. Attach. at 20, ¶ 1.) The Eighth Amendment imposes duties on prison officials who must provide all prisoners with the basic necessities of life such as food, clothing, shelter, sanitation, medical care, and personal safety. See Farmer v. Brennan, 511 U.S. 825, 832 (1994). It cannot be said that art books constitute such a basic necessity under the Eighth

Amendment, such that their confiscation constitutes "cruel and unusual punishment." Accordingly, this claim is DISMISSED for failure to state a claim.

Plaintiff claims that Defendants Anderson, Davis, Enos, Bramucci, Stauffert, and Townsend impeded his "fundamental right to file grievances; report misconduct; and to have the allegations formally investigated." (Compl. Attach. at 20, ¶ 2.) However, there is no constitutional right to a prison administrative appeal or grievance system. See Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988); see also Antonelli v. Sheahan, 81 F.3d 1422, 1430 (7th Cir. 1996); Garfield v. Davis, 566 F. Supp. 1069, 1074 (E.D. Pa. 1983); accord Wolff v. McDonnell, 418 U.S. 539, 565 (1974) (accepting Nebraska system wherein no provision made for administrative review of disciplinary decisions). Furthermore, a prison official's failure to process grievances, without more, accordingly is not actionable under § 1983. See Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993); see also Ramirez, 334 F.3d at 860 (holding that prisoner's claimed loss of a liberty interest in the processing of his appeals does not violate due process because prisoners lack a separate constitutional entitlement to a specific prison grievance system). Accordingly, this claim is DISMISSED for failure to state a claim.

Plaintiff claims that Defendant Andersen violated his rights under the Eighth Amendment when he opened, removed, and tampered with his mail without Plaintiff's knowledge and outside of his presence, and that he did so "sadistically and maliciously." (Compl. Attach. at 20, ¶ 3.) However, there is no case law to support the notion that tampering with a prisoner's mail amounts to "cruel and unusual punishment" under the Eight Amendment. Rather, a prisoner's right to send and receive mail is protected by the First Amendment. See Witherow v. Paff, 52 F.3d 264, 265 (9th Cir. 1995) (citing Thornburgh v. Abbott, 490 U.S. 401, 407 (1989)). Accordingly, this claim is DISMISSED for failure to state a claim under the Eighth Amendment. However, the Court will liberally construe this claim as one made under the First Amendment. Id.

Plaintiff's claim that Defendants Andersen, Davis, Enos, Stauffert, Bramucci, and Townsend violated his right to due process in the deprivation of his property, (Compl. at 20-21, ¶ 4), which was neither random or unauthorized, is cognizable. See Memphis Light, Gas & Water Div. v. Craft, 436 U.S. 1, 19 (1978). Whether due process includes the right to an "unbiased fact-finder, " (id. at ¶ 5), shall also be included in this claim.

Plaintiff's claim that Defendants violated his right to equal protection, (Compl. at 21, ¶ 5), is DISMISSED for failure to state a claim as Plaintiff fails to identify the class of "similarly situated persons" to which he belongs, see Furnace v. Sullivan, 705 F.3d 1021, 1030-31 (9th Cir. 2013), or describe how Defendants' treatment of him was "invidiously dissimilar" to that received by the other members of the class, see More v. Farrier, 984 F.2d 269, 271-72 (8th Cir. 1993).

Plaintiff claims that Defendants violated his Eighth Amendment right to be free from cruel and unusual punishment by their "actions of retaliation." (Compl. at 21, ¶ 6.) Although retaliation by a state actor for the exercise of a constitutional right is actionable under § 1983, the claim for prisoners is grounded in the First Amendment not the Eighth Amendment. "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote omitted). Accord Pratt v. Rowland, 65 F.3d 802, 806 (9th Cir. 1995) (prisoner suing prison officials under § 1983 for retaliation must allege that he was retaliated against for exercising his constitutional rights and that the retaliatory action did not advance legitimate penological goals, such as preserving institutional order and discipline). Here, there is no allegation that Defendants' actions "chilled" Plaintiff in the exercise of his First Amendment rights. Rather, the allegations show that Plaintiff diligently and persistently pursued

administrative grievances despite the repeated rejections and cancellations. Accordingly, this claim is DISMISSED for failure to state a claim.

Lastly, Plaintiff claims that Defendants violated his right to due process under the Fourteenth Amendment. (Compl. at 22, ¶ 7.) The Due Process Clause of the Fourteenth Amendment confers both procedural and substantive rights. See Armendariz v. Penman, 75 F.3d 1311, 1318 (9th Cir. 1996) (en banc). Substantive due process refers to certain actions that the government may not engage in, no matter how many procedural safeguards it employs. See County of Sacramento v. Lewis, 523 U.S. 833, 847 (1998). "Only official conduct that 'shocks the conscience' is cognizable as a due process violation." Porter v. Osborn, 952 F.3d 1131, 1137 (9th Cir. 2008) (quoting Lewis, 523 U.S. at 846). Such conduct may include a State's interference with personal decisions relating to marriage, procreation, contraception, family relationships, child rearing, and education, as well as with an individual's bodily integrity. See Armendariz II, 75 F.3d at 1319. None of these interests are implicated by Plaintiff's claim involving art books, and the alleged conduct by Defendants, even if true, does not "shock the conscience" to implicate the Fourteenth Amendment. See Porter, 952 F.3d at 1137. Accordingly, this claim is DISMISSED for failure to state a claim.

This case will proceed only on the First Amendment and Due Process claims discussed above. All other claims are DISMISSED for failure to state a claim.

## CONCLUSION

For the reasons stated above, the Court orders as follows:

1. The Clerk of the Court shall mail a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the complaint, all attachments thereto, and a copy of this order upon **Defendants Sgt. B. Davis, Sgt. E. Enos, Sgt. Stauffert, and Correctional Officers**

**Andersen**[1], **N. Bramucci, and M. Townsend** at **Pelican Bay State Prison**, (P.O. Box 7500, Crescent City, CA 95532). The Clerk shall also mail a copy of this Order to Plaintiff.

The claims against Defendants C. Ducart and C. Parry have been dismissed. See supra at 2-3. Furthermore, Plaintiff sets forth no specific claims against Defendants T. Wood, B. Patton, and Graves. Accordingly, these Defendants are DISMISSED from this action. The Clerk shall terminate them from the docket.

2.  Defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure requires them to cooperate in saving unnecessary costs of service of the summons and the complaint. Pursuant to Rule 4, if Defendants, after being notified of this action and asked by the Court, on behalf of Plaintiff, to waive service of the summons, fail to do so, they will be required to bear the cost of such service unless good cause shown for their failure to sign and return the waiver form. If service is waived, this action will proceed as if Defendants had been served on the date that the waiver is filed, except that pursuant to Rule 12(a)(1)(B), Defendants will not be required to serve and file an answer before **sixty (60) days** from the day on which the request for waiver was sent. (This allows a longer time to respond than would be required if formal service of summons is necessary.) Defendants are asked to read the statement set forth at the foot of the waiver form that more completely describes the duties of the parties with regard to waiver of service of the summons. If service is waived after the date provided in the Notice but before Defendants have been personally served, the Answer shall be due **sixty (60) days** from the date on which the request for waiver was sent or **twenty (20) days** from the date the waiver form is filed, whichever is later.

3.  No later than **ninety (90) days** from the date of this order, Defendants

---

[1] The Litigation Coordinator is requested to identify this individual based on the information contained in this order, i.e., that Defendant Andersen was the individual who examined and confiscated the books at issue on January 18, 2014. See supra at 2.

shall file a motion for summary judgment or other dispositive motion with respect to the claims in the complaint found to be cognizable above.

      a. Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure. Defendants are advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute. If any Defendant is of the opinion that this case cannot be resolved by summary judgment, he shall so inform the Court prior to the date the summary judgment motion is due.

      b. **In the event Defendants file a motion for summary judgment, the Ninth Circuit has held that Plaintiff must be concurrently provided the appropriate warnings under Rand v. Rowland, 154 F.3d 952, 963 (9th Cir. 1998) (en banc). See Woods v. Carey, 684 F.3d 934, 940 (9th Cir. 2012).**

    4. Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendants no later than **twenty-eight (28) days** from the date Defendants' motion is filed.

Plaintiff is also advised to read Rule 56 of the Federal Rules of Civil Procedure and Celotex Corp. v. Catrett, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that failure to file an opposition to Defendants' motion for summary judgment may be deemed to be a consent by Plaintiff to the granting of the motion, and granting of judgment against Plaintiff without a trial. See Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (per curiam); Brydges v. Lewis, 18 F.3d 651, 653 (9th Cir. 1994).

    5. Defendants shall file a reply brief no later than **fourteen (14) days** after Plaintiff's opposition is filed.

    6. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

    7. All communications by the Plaintiff with the Court must be served on

Defendants, or Defendants' counsel once counsel has been designated, by mailing a true copy of the document to Defendants or Defendants' counsel.

8. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery.

9. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

10. Extensions of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause.

**IT IS SO ORDERED.**

DATED: 1/29/16

HOWARD R. LLOYD
United States Magistrate Judge